300 Wadsworth LLC v New York State Div. of Hous. & Community Renewal (2022 NY Slip Op 06311)

300 Wadsworth LLC v New York State Div. of Hous. & Community Renewal

2022 NY Slip Op 06311

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 158207/20 Appeal No. 16633 Case No. 2022-00316 

[*1]300 Wadsworth LLC, Plaintiff-Appellant,
v
New York State Division of Housing and Community Renewal, et al., Defendants-Respondents.

Horing Welikson Rosen & Digrugilliers P.C., Williston Park (Richard T. Walsh of counsel), for appellant.
Letitia James, Attorney General, New York (Matthew W. Grieco of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about January 14, 2022, which denied plaintiff landlord's application for a declaratory judgment holding that certain Housing Stability and Tenant Protection Act of 2019 (HSTPA) amendments to the Rent Stabilization Law and Code are not to be applied retroactively, and that retroactive application would amount to an unconstitutional deprivation of preexisting rental-increase rights, denied its application for a permanent injunction enjoining defendants from applying recent HSTPA amendments to Rent Stabilization Law §§ 26-511(c)(13) and 26-511.1, and granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Approximately one month before the enactment of the HSTPA on June 14, 2019, plaintiff landlord entered a renovation agreement with a contractor to perform $99,580.00 worth of claimed improvements to Apt. 1M, then vacant, in the landlord's residential building, which had 95 rent-regulated units. The renovations continued through the month of June 2019, and no evidence was offered as to when they were actually completed, let alone approved by the Division of Housing and Community Renewal (DHCR) as proper individual apartment improvements (IAI) for rent increase purposes in factoring the proper rent-stabilized rent for that apartment going forward. As the HSTPA amendments appreciably limited the monthly rental increase the landlord could seek for the alleged improvements, as compared to the rent increases allowed under the pre-HSTPA IAI rent increase laws, the landlord claimed a vested interest in the pre-HSTPA IAI rent increase laws because it had commenced work on the proposed improvements two weeks before the enactment date for the HSTPA amendments.
The declaratory relief sought by the landlord was properly dismissed as the landlord lacked vested rights in the pre-HSTPA rent laws governing IAIs (see I.L.F.Y. Co. v City Rent & Rehabilitation Admin., 11 NY2d 480 [1962]; cf. Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332 [2020]). Moreover, the landlord's IAI rent increase claims were not ripe. The claims are fact-based on such issues as whether work was actually done or qualifies as an IAI, and the record was insufficient to support a finding that landlord had an actual, concrete injury as a consequence of the enactment of the HSTPA amendments or that a hardship would result to the parties if the declaratory relief requested were denied (see generally Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 518 [1986], cert denied 479 US 985 [1986]). As to the landlord's request for a declaration that the HSTPA amendments were unconstitutional as applied to the landlord's IAI rent increase claims, in that it would be deprived of, inter alia, economic benefits of the pre-HSTPA IAI rent-increase laws, the claim has not been demonstrated (see Matter of Schutt v New York State Div. of Hous. & Community [*2]Renewal, 278 AD2d 58 [1st Dept 2000], lv denied 96 NY2d 715 [2001]).
Given the dismissal of the declaratory judgment claims, plaintiff's cause of action for injunctive relief has no legal basis, and is dismissed (see Weinreb v 37 Apts. Corp., 97 AD3d 54, 58-59 [1st Dept 2012]).
We have considered the landlord's remaining arguments and find them unavailing. . THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022